UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS E. MUNSON,

            Plaintiff,

    v.

SPLICE COMMUNICATIONS, INC., et al.,

          Defendants.

Case No.  12-cv-05089-JCS

**FINAL JURY INSTRUCTIONS**

Dated:  March 7, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

In this case Dennis Munson brings a lawsuit against his former employer, Splice Communications, Inc. where Mr. Munson worked as the company's Vice President of Sales. Mr. Munson contends that Splice unlawfully retaliated against him by terminating his employment after Munson opposed or complained about what he reasonably believed was unlawful race discrimination directed at his African American subordinate, Richard Robinson, by Scott Bischoff. Splice Communications, Inc. denies these allegations. Splice contends that Mr. Munson was terminated for poor job performance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 3

## CORPORATIONS - FAIR TREATMENT

A corporation, Splice Communications, Inc., is a party in this lawsuit. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 4**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 5

### BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the parties have agreed.

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 7

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 8

### EVIDENCE FOR LIMITED PURPOSE

Some evidence was admitted for a limited purpose only.  In particular, you heard testimony of William Risch.  At the time he testified, I instructed you that the testimony of William Risch was admitted for the limited purpose of offering evidence that Splice Communications intended to retaliate against Dennis Munson in connection with his termination. You may consider Mr. Risch's testimony only for that limited purpose and for no other.

1

2                                **JURY INSTRUCTION NO. 9**

3                        **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

4           Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

5    testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

6    evidence is proof of one or more facts from which you could find another fact.  You should

7    consider both kinds of evidence.  The law makes no distinction between the weight to be given to

8    either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

9    evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 10

## RULING ON OBJECTIONS

As I instructed you at the outset of the case, there are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been. Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11**

**CREDIBILITY OF WITNESS**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness has said, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness's testimony;

(6)  the reasonableness of the witness's testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12**

**FAILURE TO EXPLAIN OR DENY EVIDENCE**

If a party failed to explain or deny evidence against him/her/it when he/she/it could reasonably be expected to have done so based on what he/she/it knew, you may consider his/her/its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 13**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**JURY INSTRUCTION NO. 14**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

**JURY INSTRUCTION NO. 15**

2

**EXPERTS – QUESTIONS CONTAINING ASSUMED FACTS**

3

The law allows expert witnesses to be asked questions that are based on assumed facts.

4

These are sometimes called "hypothetical questions."  In determining the weight to give to the

5

expert's opinion that is based on the assumed facts, you should consider whether the assumed

6

facts are true.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 16**

2

**CONFLICTING EXPERT TESTIMONY**

3       If the expert witnesses disagreed with one another, you should weigh each opinion against

4   the others. You should examine the reasons given for each opinion and the facts or other matters

5   that each witness relied on. You may also compare the experts' qualifications.

**JURY INSTRUCTION NO. 17**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 18**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 19**

**RETALIATION – ESSENTIAL ELEMENTS**

Dennis E. Munson claims that Splice retaliated against him for opposing or reporting what he reasonably believed to be race discrimination. To establish this claim, Dennis E. Munson must prove by the preponderance of the evidence all of the following:

1.     That Dennis E. Munson opposed or complained about what he reasonably and in good faith believed was unlawful race discrimination;

2.     That Splice discharged Dennis E. Munson;

3.     That Dennis E. Munson's conduct in opposing or complaining about what he reasonably and in good faith believed was unlawful race discrimination was a substantial motivating reason for Splice's decision to discharge Dennis E. Munson;

4.     That Dennis E. Munson was harmed; and

5.     That Splice's conduct was a substantial factor in causing Dennis E. Munson's harm.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 20

## "SUBSTANTIAL MOTIVATING REASON" EXPLAINED

A "substantial motivating reason" is a reason that actually contributed to the termination. It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the termination.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 21

## BUSINESS JUDGMENT

An employer may fire an employee for a good reason, a bad reason, a reason based upon erroneous facts, or for no reason at all, as along as its action is not for a discriminatory reason. Therefore, you may not find that Splice is liable just because you believe that Splice's decision was wrong, mistaken or unwise.  Instead, Splice can only be liable to Dennis E. Munson if the decision to terminate him was motivated by his opposition to what he reasonably believed was racial discrimination in the workplace.

1
2
3
4
5
6
7
8
9
10
11

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 22**

**COMPENSATORY DAMAGES - PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for Dennis E. Munson on his retaliation claim you must determine his compensatory damages. The plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. Compensatory damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  The compensatory damages claimed by Dennis E. Munson for the harm cause by Splice fall into two categories called economic damages and noneconomic damages.   You will be asked on the verdict form to state the two categories of damages separately.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 23**

**COMPENSATORY DAMAGES - ECONOMIC DAMAGES**

In determining what economic damages, if any, to award, you should consider the following:

1.      The reasonable value of wages and earnings lost to the present time;

2.      The reasonable value of wages and earnings which with reasonable probability will be lost in the future.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 24**

**COMPENSATORY DAMAGES**

**DAMAGES ARISING IN FUTURE - DISCOUNT TO PRESENT VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Non-economic damages such as mental suffering, inconvenience, anxiety, humiliation and emotional distress are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

Splice must prove the amount by which future damages should be reduced to present value.

You may consider expert testimony in determining the present cash value of future economic damages.

# JURY INSTRUCTION NO. 25

## COMPENSATORY DAMAGES

### EMPLOYEE'S DUTY TO MITIGATE ECONOMIC DAMAGES

Dennis E. Munson has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. Splice claims that if Dennis E. Munson is entitled to any damages, they should be reduced by the amount that he could have earned from other employment.   This is an affirmative defense, which means that Splice must prove all of the following by a preponderance of the evidence:

1.      That employment substantially similar to Munson's position at Splice Communications was available to him;

2.      That Dennis E. Munson failed to make reasonable efforts to seek and retain this employment; and

3.      The amount that Dennis E. Munson could have earned from this employment.

In deciding whether the employment was substantially similar, you should consider, among other factors, whether:

(a)      The nature of the work was different from his sales role at Splice;

(b)      The new position was substantially inferior to his sales role at Splice;

(c)      The salary, benefits, and hours of the job were similar to his sales role at Splice;

(d)      The new position required similar skills, background, and experience;

(e)      The job responsibilities were similar; and

(f)      The job was in the same locality.

In deciding whether Dennis E. Munson failed to make reasonable efforts to retain comparable employment, you should consider whether Dennis E. Munson quit or was discharged from that employment for a reason within his control.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 26**

**COMPENSATORY DAMAGES**

**MITIGATION OF ECONOMIC DAMAGES (PAST LOST EARNINGS)**

Dennis E. Munson is not entitled to recover damages for economic losses that Splice Communications proves, by a preponderance of the evidence, that Dennis E. Munson could have avoided by using reasonable efforts to return to gainful employment as soon as it was possible for him to do so.

To calculate the amount of Dennis E. Munson's economic damages based on past lost earnings you must:

1.      Determine the amount Dennis E. Munson would have earned had he continued to hold his position at Splice Communications between the time of his termination and the present; and

2.      Subtract the amount Dennis E. Munson earned or could have earned had he used reasonable efforts to return to gainful employment after his termination from Splice.

The resulting amount is Dennis E. Munson's damages for past lost earnings.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 27**

**COMPENSATORY DAMAGES**

**MITIGATIONOF ECONOMIC DAMAGES (FUTURE ECONOMIC LOSSES)**

Dennis E. Munson is not entitled to recover damages for future economic losses that Splice Communications proves, by a preponderance of the evidence, that Dennis E. Munson will be able to avoid by using reasonable efforts to return to gainful employment as soon as it is reasonable for him to do so.

If you decide that Dennis E. Munson, using reasonable efforts, will be able to return to work, then you must not award him any damages for the amount he will be able to earn from such future gainful employment.

To calculate the amount of Dennis E. Munson's economic damages based on future lost earnings, you must:

1.      Determine the amount Dennis E. Munson would have earned in the future (using the present time as your starting point) had he continued to hold his position at Splice Communications; and

2.      Subtract the amount Dennis E. Munson will be able to earn from alternate employment if he uses reasonable efforts.

The resulting amount is Dennis E. Munson's economic damages for future lost earnings.

**JURY INSTRUCTION NO. 28**

**COMPENSATORY DAMAGES - ITEMS OF NON-ECONOMIC DAMAGES**

The following are the specific items of non-economic damages claimed by Dennis E. Munson.

1.      Past mental suffering, inconvenience, anxiety, humiliation and emotional distress;

2.      Future mental suffering, inconvenience, anxiety, humiliation and emotional distress.

No fixed standard exists for deciding the amount of these non-economic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering, inconvenience, anxiety humiliation and emotional distress, determine the amount in current dollars paid at the of judgment that will compensate Dennis E. Munson for future mental suffering, inconvenience, anxiety humiliation and emotional distress. This amount of non-economic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 29**

**PUNITIVE DAMAGES**

If you decide that Splice Communications' conduct caused Dennis E. Munson harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Splice Communications only if Dennis E. Munson proves that Splice Communications engaged in that conduct with malice, oppression, or fraud. To do this, Dennis E. Munson must prove one of the following by clear and convincing evidence:

1.     That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Splice Communications, who acted on behalf of Splice Communications; or

2.     That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Splice Communications; or

3.     That one or more officers, directors, or managing agents of Splice Communications knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Splice Communications acted with intent to cause injury or that Splice Communications' conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Splice Communications conduct was despicable and subjected Dennis E. Munson to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Splice Communications intentionally misrepresented or concealed a

30

material fact and did so intending to harm Dennis E. Munson.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a) How reprehensible was Splice Communications' conduct?

(b) Is there a reasonable relationship between the amount of punitive damages and Dennis E. Munson's harm or between the amount of punitive damages and potential harm to Dennis E. Munson that Splice Communications knew was likely to occur because of its conduct?

(c) In view of Splice Communications' financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Splice Communications has substantial financial resources. Any award you impose may not exceed Splice Communications' ability to pay.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 30**

**JURORS NOT TO CONSIDER ATTORNEYS' FEES AND COURT COSTS**

In determining the amount of damages, you must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

## JURY INSTRUCTION NO. 31

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 32

## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12

United States District Court
Northern District of California

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION NO. 33

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, Ms. Karen Hom, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 34**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.